UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:20-cv-81688-REINHART

MELISSA WIGHT and SAMANTHA
WIGHT, Florida domiciliaries,

    Plaintiffs,

v.

DANIEL BLUMAN, individually, and DANIEL BLUMAN, LLC, domiciliaries of New York,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES [DE 70 AT 21–25], ALTERNATIVELY FOR A MORE DEFINITE STATEMENT, OR TO TREAT CERTAIN PURPORTED AFFIRMATIVE DEFENSES AS DENIALS AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Melissa Wight and Samantha Wight (collectively, the "Wights"), move to strike certain of Defendants' Affirmative Defenses, alternatively for a more definite statement, or to properly treat certain purported affirmative defenses as denials. *See* Fed. R. Civ. P. 12(e)–(f); *Klohr v. Mid-Continet Excess & Surplus Ins. Co.*, No. 18-80761-CIV, 2018 WL 7572295, at *2 (S.D. Fla. Dec. 19, 2018) (Reinhart, M.J.), *report and recommendation adopted sub nom. Klohr v. Mid-Continent Excess & Surplus Ins. Co.*, No. 9:18-CV-80761-ROSENBERG/REINHART, 2019 WL 1118235 (S.D. Fla. Jan. 4, 2019).

In their February 16, 2021 Amended Complaint, Plaintiffs assert claims for (I) Fraud; (II) Negligent Misrepresentation; (III) Breach of Duty of Loyalty; (IV) Breach of Duty of Care; (V) Violation of FDUTPA (Unconscionable Acts or Practices, Unfair

ACTIVE 58122557v3

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 2

Trade Practices); (VI) Breach of Contract; (VII) Per Se Violation of FDUTPA (Violation of Fla. Admin. Code Ann. R. 5H-26.001–26.004). *See generally* [DE 42].

On May 21, 2021, Defendants filed their Answer and Affirmative Defenses, which purports to raise eleven affirmative defenses. [DE 70 at 21–24].

First, Defendants' sixth, seventh, and eleventh affirmative defenses are clearly invalid as a matter of law because comparative fault, assumption of the risk, and *Fabre* simply do not apply to the claims at issue here which are rooted in Defendants' intentional tortious misconduct, and accordingly, they should be stricken.

Second, Defendants' ninth affirmative defense, which suggests Plaintiffs should have Conbelleza killed to mitigate their damages, is contrary to Florida law as it in part would require Plaintiffs to commit a crime by killing a horse which, while lame and not suitable for the purpose for which she was hired, is otherwise healthy. Again, while not suitable for the purpose for which she was hired, Conbelleza is not suffering, and is not imminently near death or dangerous such that killing her would be justified under Florida law.

Third, Defendants' second and eighth affirmative defenses are mere denials because they simply negate Plaintiffs' allegations. As such, they should be either stricken or, alternatively, construed as mere denials.

Finally, Defendants' tenth affirmative defense is insufficiently pled and fails to give Plaintiffs and this Court adequate notice of the stated defense, because it consists of boilerplate language which is wholly unlinked to any factual support.

Case 9:20-cv-81688-BER   Document 79   Entered on FLSD Docket 06/11/2021   Page 3 of 16

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 3

Accordingly, this Court should order Defendants to provide a more definite statement, including what exactly Defendants contend the alleged conduct, actions, omissions, delay, or failure to act by Plaintiffs might be.

## I. LEGAL STANDARD

This Court recently explained that

> "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (J. King). "Under Federal Rule of Civil Procedure 12(f), '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Id.* "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which requires 'a short and plain statement' of the defense." *Id.* "On the other hand, the party raising the affirmative defense 'must do more than make conclusory allegations.'" *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (J. Ryskamp). "Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" *Id.* "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Garcia*, 777 F. Supp. 2d at 1327. "Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison*, 434 F. Supp. 2d at 1318.

*Klohr v. Mid-Continent Excess & Surplus Ins. Co.*, No. 18-80761-CIV-ROSENBERG/Reinhart, 2018 WL 7572295, at *2 (S.D. Fla. Dec. 19, 2018) (Reinhart,

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 4

M.J.), *report and recommendation adopted sub nom. Klohr v. Mid-Continent Excess & Surplus Ins. Co.*, No. 9:18-CV-80761-ROSENBERG/Reinhart, 2019 WL 1118235 (S.D. Fla. Jan. 4, 2019).

## II.   MEMORANDUM OF LAW

### a. Defendants' Sixth, Seventh, and Eleventh Affirmative Defenses Should be Stricken Because They Do Not Apply to the Claims Here as a Matter of Law

An affirmative defense may "be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Klohr*, 2018 WL 7572295 at *2 (citing *Garcia*, 777 F. Supp. 2d at 1327).

Defendants' Sixth Affirmative Defense, titled "Comparative Fault," states:

> Without admitting that any damages exist, if damages were suffered by Plaintiffs as alleged in the Complaint, those damages were proximately caused by or contributed to by persons other than Defendants. The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

[DE 70 at 23].

Defendants' Seventh Affirmative Defense, titled "Assumption of Risk," states:

> Equine purchases are by their very nature risky. There is no such thing as a "literally perfect" pre-purchase examination and the videos available demonstrate that Conbelleza's injury was not visible prior to arrival in New York. Plaintiffs' assumed the risk by purchasing a horse without personally inspecting the horse, purchasing a horse in Europe, and knew, by the nature of the business, that the horse may be injured or suffer lameness at some

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 5

> time after the purchase and prior to delivery. As such, Plaintiffs claims are barred by their assumption of the risk.

[DE 70 at 23].

Defendants' Eleventh Affirmative Defense, titled "Fabre," states:

> The damages claimed within Plaintiffs Complaint are the result of the acts or omissions of other persons or entities who are not parties to this cause of action, to wit: the shipper of the horse from Europe to the United States, Dr. Vincent Goudin, the sellers of the horse, and other parties that may have had a duty to disclose the injury to Conbelleza. *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). See also, *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996); *Wells v. Tallahassee Memorial Regional Medical Center*, 659 So. 2d 249 (Fla. 1995); *Ventrudo v. U.S.,* 205 F. Supp. 3d 1298, 1300-01 (M.D.. Fla. 2016); *Waite v. AII Acquisition Cor.,* 2016 WL 2346768, *12 (S.D. Fla. 2016). Defendants also rely on the provisions of the Florida Tort Reform Act, Fla. Stat. § 768.71 *et seq.* and the provisions of Florida's Uniform Contribution Among Tortfeasors provision, Fla. Stat. § 768.31 *et seq.*

[DE 70 at 24].

The above affirmative defenses simply do not apply in a case like this where Defendants are accused of intentional, tortious misconduct, or to breach of contract claims. In *Emmaculate Reflections, LLC v. Altman*, No. 619CV2233ORL78LRH, 2020 WL 9596263, at *5 (M.D. Fla. Apr. 2, 2020), *report and recommendation adopted*, No. 619CV2233ORL78LRH, 2020 WL 9596262 (M.D. Fla. Apr. 22, 2020), for example, the Middle District recently struck affirmative defenses asserting comparative fault of a party and/or third parties in response to claims for false advertising, defamation, tortious interference, and breach of contract. The court struck these affirmative

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
    Alternatively for a More Definite Statement, or to
    Treat Certain Purported Affirmative Defenses as Denials
Page 6

defenses and held that because the claims "all arise under a contract or are intentional torts," the defenses in question were "clearly insufficient as a matter of law." *Id.* (citing *Bre/Cocoa Beach Owner, L.L.C. v. Rolyn Companies, Inc.*, No. 6:12-cv-466-Orl-22GJK, 2012 WL 12905849, at *3 (M.D. Fla. Nov. 30, 2012) ("It is generally understood that the comparative fault statute does not apply to breach of contract actions.... Contracts, by their nature, do not ordinarily permit the apportionment of fault to non-parties in the event of breach."); *Gouty v. Schnepel*, 795 So. 2d 959, 965 n.3 (Fla. 2001) (finding section 768.81 inapplicable to breach of contract action); *Bel-Bel Int'l Corp. v. Barnett Bank of S. Fla., N.A.*, 158 B.R. 252, 256 (S.D. Fla. 1993) ("Fla. Stat. § 768.81, which codifies the doctrine of comparative fault in assessing damages against joint tortfeasors in negligence actions, specifically excludes intentional torts." (citing Fla. Stat. § 768.81(4)(b))).

Moreover, in *Cont'l Cas. Co. v. Cura Grp., Inc.*, No. 03-61846-CIV, 2005 WL 8155321-ALTONAGA/Turnoff, at *33 (S.D. Fla. Apr. 6, 2005) (Altonaga, J.), the basis of an Amended Complaint was an alleged fraudulent scheme involving the issuance of fraudulent letters of credit issued in the names of legitimate banks as collateral for worker's compensation plans. *Id.* at *1. Among other things, Plaintiffs CNA filed a Motion to Strike Affirmative Defenses, which included contributory negligence and assumption of the risk. *Id.* at *3. The court struck these affirmative defenses, explaining:

Case 9:20-cv-81688-BER Document 79 Entered on FLSD Docket 06/11/2021 Page 7 of 16

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
  Alternatively for a More Definite Statement, or to
  Treat Certain Purported Affirmative Defenses as Denials
Page 7

> The defense of contributory negligence has been replaced in Florida by the partial defense of comparative negligence. *See Y.H. Investments, Inc. v. Godales,* 690 So. 2d 1273, 1275 (Fla. 1977). **Likewise, the defense of assumption of the risk has been subsumed into the concept of comparative negligence.** *See Kinnebrew v. Kmart Corp.,* 755 So. 2d 187, 188 (Fla. 3d DCA 2000). **More importantly, comparative negligence as a defense is not a bar to an intentional tort, such as fraud-based torts, which are alleged against MMM and Huff.** Fla. Stat. 768.81(4)(b); *see also Cruise v. Graham,* 622 So. 2d 37, 40 (Fla. 4th DCA 1993). Therefore, these defenses are stricken.

*Id.* (emphasis added).

This District has also more recently recognized that "[w]hile the *Fabre* rule generally allows determinations on the comparable fault of a non-party to be determined in a negligence case without that party being joined in the action, ***such comparative fault determinations cannot be made where the 'action comprehending one or more negligent torts actually has at its core an intentional tort by someone***.'" *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, No. 08-20641-CIV-MARRA, 2020 WL 6786607, at *1 n.1 (S.D. Fla. Oct. 19, 2020) (emphasis added) (citing *Merrill Crossings Associates v. McDonald*, 705 So. 2d 560, 563 (Fla. 1997)). FDUTPA claims and breaches of fiduciary duty are recognized in Florida as intentional torts, as well. *See Brennan v. Roman Catholic Diocese of Syracuse New York, Inc.*, 322 F. App'x 852, 854 (11th Cir. 2009) ("Florida also recognizes that fraud is an intentional tort."); *Medimport, S.R.L v.*

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 8

*Cabreja*, 929 F. Supp. 2d 1302, 1324 n.6 (S.D. Fla. 2013) (FDUTPA claims are "intentional torts"); *Gochnauer v. A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1049 (11th Cir. 1987) (fiduciary duties include "duties of loyalty and care"); *Mehlenbacher v. Jitaru*, 2005 WL 4585859, at *11 (M.D. Fla. June 6, 2005) ("Breach of fiduciary duty is an intentional tort.").

Further, from a policy perspective, resolving these issues at this phase will simplify and streamline proceedings later in this case as the parties prepare for trial. *See Millette v. Tarnove*, 435 F. App'x 848, 853 (11th Cir. 2011) (Florida law) (Trial court committed reversible error where it left intentional tortfeasor issue to the jury, and on remand "must determine whether nonparties committed intentional torts. If so, they cannot be apportioned fault under Fla. Stat. § 768.81(4)(b) for such intentional torts.").

At its heart, this case is about the alleged intentional misconduct of Defendants Daniel Bluman and Daniel Bluman, LLC alone. This Court has already found that

> [t]he Amended Complaint pleads in detail the alleged fraudulent acts and omissions by the Bluman Defendants alone while acting as Plaintiffs' sole and exclusive agent in connection with the Conbelleza sale. . . .
>
> Moreover, the Amended Complaint alleges that the Bluman Defendants materially breached a brokerage agreement they had with Plaintiffs to find a suitable and healthy horse for Ms. Wight to compete as an international show jumping horse. It is further alleged that the Bluman Defendants intentionally concealed their retention of $40,000 of the sellers' proceeds paid by Plaintiffs in their capacity as an unauthorized dual agent for the sellers.

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 9

> Significantly, it is not alleged that any of Conbelleza's sellers or veterinarians were parties to the brokerage agreement or that the sellers had any knowledge of the unauthorized dual agent activity.

[DE 62 at 8–9]. Because Defendants' intentional misconduct, as well as their own breach of contract, is at the heart of the claims at issue here, the affirmative defenses of comparative fault, assumption of the risk, and *Fabre* simply do not apply as a matter of law.

Accordingly, this Court should strike the Defendants' sixth, seventh, and eleventh affirmative defenses.

### b. Defendants' Ninth Defense, Which Suggests Plaintiffs Should Have Conbelleza Killed, is Contrary to Florida Law, Would Require Plaintiffs to Commit a Crime, and Should be Stricken

Defendants' Ninth Affirmative Defense, titled "Failure to Mitigate," states:

> Without admitting any damages, ***upon realization that Conbelleza was not a profitable asset,*** Plaintiffs had the choice to mitigate their damages via immediate sale of Conbelleza or ***the choice to euthanize her***. Plaintiffs now claim veterinary damages and costs for board, but the power to mitigate their damages rested entirely with them, which they have chosen not to exercise. As such, Plaintiffs claims for damages are barred or reduced by their failure to mitigate.

[DE 70 at 24] (emphasis added).

While Conbelleza has chronic lameness which makes her unsuitable for the purpose for which the Wights purchased her, she is an otherwise healthy horse and there are no provisions of Florida law authorizing her killing. To the contrary, section

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 10

828.12, Florida Statutes makes it a crime in Florida to unnecessarily kill any animal, including horses:

> A person who unnecessarily overloads, overdrives, torments, deprives of necessary sustenance or shelter, or unnecessarily mutilates, or kills any animal, or causes the same to be done, or carries in or upon any vehicle, or otherwise, any animal in a cruel or inhumane manner, commits animal cruelty…

Conbelleza is not suffering, imminently near death, or dangerous such that killing her would be justified or authorized by Florida law. Defendants' Ninth Affirmative Defense makes no allegations to the contrary. Accordingly, this affirmative defense is invalid as a matter of law and this Court should strike it.

### c. Defendants' Second and Eighth Defenses are Mere Denials and Should be Stricken or, Alternatively, Construed as Mere Denials

Affirmative defenses which merely deny a Plaintiff's allegations are properly treated as "specific denials." *See Klohr*, 2018 WL 7572295, at *2; *Sport Mgm't Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224-BLOOM/Valle, 2016 WL 8793334, at *3 (S.D. Fla. May 11, 2016) (Bloom, J.). In *Sport Mgm't*, the Court found that the following purported defenses amounted to denials:

- failure to state a claim;

- Plaintiff has not suffered any damages or harm as a result of any conduct by Defendant;

- Defendant acted reasonably in its dealings with Plaintiff; and

- Defendant did not breach any duty owed to Plaintiff.

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
 Alternatively for a More Definite Statement, or to
 Treat Certain Purported Affirmative Defenses as Denials
Page 11

The Court explained that "[a] defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988)). The Court concluded it would treat the defenses in question, which merely denied the Plaintiff's allegations, "as specific denials." *Id.* See also *Purdy Lane, Inc. v. Scottsdale Ins. Co.*, No. 20-80966-CIV-MARRA, 2020 WL 6484129, at *3 (S.D. Fla. Aug. 20, 2020) (Marra, J.) (striking affirmative defenses which rely on provisions of the policy as a defense which, in other words, claimed that "to the extent damages are not covered by the policy, Defendant is not liable for those damages," as denials and striking them) (collecting cases); *Perlman v. Bank of Am., N.A.*, No. 11-80331-CV- HURLEY/Hopkins, 2014 WL 12279513, at *5 (S.D. Fla. Sept. 19, 2014) (Hurley, J.) (finding that affirmative defense that defendant "acted in good faith and without knowledge of" fraud was either insufficiently pled or a denial).

In this case, Defendants' Second Affirmative Defense, titled "Terms Not in Agreement," states:

> Without admitting any damages exist, Plaintiffs' claims against Defendants are barred insofar as Plaintiffs claim Bluman had obligations and Plaintiffs had rights under some alleged agency agreement. Such an agreement was not set forth in any clear terms and certainly does not contain any specific requirements, as those detailed in the Amended Complaint. The alleged agreement contained no specific terms that Bluman would find, provide, and guarantee a horse that had "perfect vetting" nor could Bluman commit himself to providing such a horse. This alleged agreement contains no terms imposing a

Case 9:20-cv-81688-BER   Document 79   Entered on FLSD Docket 06/11/2021   Page 12 of 16

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 12

> contractual obligation on Bluman to provide such a horse nor does it contain any terms allowing Wights to charge, demand, and or claim as due and owing any amounts from Bluman for assisting Wights find a horse.

[DE 70 at 22]. The above is a mere denial because it simply seeks to negate the terms Plaintiffs allege in the agency agreement between Plaintiffs and Defendants.

Defendants' Eighth Affirmative Defense, titled "Full Performance," states:

> Defendants performed any and all obligations owed to Plaintiffs. There is no proof that an agency contract existed between these parties and Bluman worked diligently to assist in the sale of Conbelleza, having made no promises that the horse was "literally perfect," having no obligation to overrule a veterinarian's medical opinions, and owing no duties to Plaintiffs. As such, Defendants have fully performed any duties owed to Plaintiffs and their claims are thus barred.

[DE 70 at 23].

The above is a mere denial because it simply seeks to negate Plaintiff's allegations that Defendants did not fully perform under their agreement.

Accordingly, this Court should treat Defendants' second and eighth affirmative defenses as mere denials.

### d. Defendants' Tenth Affirmative Defense is Insufficiently Pled and Fails to Give the Plaintiffs and Court Fair Notice of the Stated Defense, and this Court Should Order Defendants to Provide a More Definite Statement

Where an affirmative defense "lacks specificity," the "proper course of action" is for a Plaintiff "to file a motion for a more definite statement." *Purdy Lane*, 2020 WL 6484129, at *3 (citing Fed. R. Civ. P. 12(e) ("A party may move for a more definite

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
  Alternatively for a More Definite Statement, or to
  Treat Certain Purported Affirmative Defenses as Denials
Page 13

statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response"); *Sachi v. Labor Ready Se., Inc.*, No. 09-82388-CIV, 2010 WL 3259916, at *2 (S.D. Fla. Aug. 18, 2010) (lack of specificity is best dealt with by a motion for a more definite statement)). In *Sport Mgm't Sys., LLC v. Woolley Grp., LLC*, 2016 WL 8793334, at *2, the defendant lodged certain affirmative defenses which asserted "without more, that Plaintiff's claims are barred by the parol evidence rule and/or the statute of frauds; the doctrines of laches, waiver, and estoppel; accord and satisfaction; and the doctrine of unclean hands in paragraphs 23, 24, 25, and 26 of its Answer, respectively." *Id.* The Court noted that "[e]ach of these defenses include nothing more than a bare recitation of boiler-plate affirmative defenses without linking these assertions to any factual support, including alleged acts or omissions by Plaintiffs." The Court explained that "[a]lthough affirmative defenses are not subject to the heightened *Twombly* and *Iqbal* pleading standards, these defenses fail to "provide fair notice of the nature of the defense and the grounds upon which it rests." [1] Thus, the Court struck the defenses and allowed the defendant "leave to amend to correct the deficiencies stated." *Id. See also Purdy Lane*, 2020 WL 6484129, at *3 (where

---

[1] There is a split in this District regarding whether affirmative defenses are subject to the *Twombly/Iqbal* specificity requirement. *Compare, e.g., Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.*, 333 F.R.D. 600, 602 (S.D. Fla. 2019) (finding affirmative defenses "woefully conclusory, as they fail to allege sufficient facts to support their boilerplate legal conclusions" and noting the defenses "lack the specificity required by *Twombly/Iqbal*"). Regardless of the standard, however, this Court recognizes that boilerplate allegations are generally insufficient, as "the party raising the affirmative defense 'must do more than make conclusory allegations,'" and where "affirmative defenses are no more than barebones conclusory allegations, [they] must be stricken.'" *Klohr*, 2018 WL 7572295, at *2 (citations omitted).

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 14

fourth affirmative defense was "not pled with adequate specificity," Court allowed Defendant "to replead this affirmative defense to allege what Defendant claims Plaintiff failed to do"); *Perlman*, 2014 WL 12279513, at *2–4 (striking without prejudice affirmative defenses which stated legal doctrines but supported them with no facts).

Defendants' Tenth Affirmative Defense, titled "Plaintiff's Culpability," states simply:

> Without admitting any damages, Plaintiffs' purported injuries have been caused, in whole or in part, by plaintiff's own conduct, actions, omissions, delay, or failure to act.

[DE 70 at 24]. This affirmative defense is similar to those the *Sports Mgm't*, *Purdy*, and *Perlman* courts found insufficient because it merely states that Plaintiffs' "own conduct, actions, omissions, delay, or failure to act," is the cause of their injuries. This boilerplate language does not link these assertions to any factual support, including what exactly the alleged conduct, actions, omissions, delay, or failure to act by Plaintiffs might be.

Accordingly, this Court should order Defendants to provide a more definite statement as to their Tenth Affirmative Defense.

**Wherefore**, Plaintiffs Melissa and Samantha Wight respectfully request this Court enter an order:

a) Striking defendants' sixth, seventh, and eleventh affirmative defenses;

b) Striking defendants' ninth affirmative defense;

<u>Wight v. Bluman</u>
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 15

c) Treating defendants' second and eighth affirmative defenses as denials; and

d) Ordering defendants to provide a more definite statement as to their tenth affirmative defense.

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3) of the Local Rules for the Southern District of Florida, undersigned counsel for Plaintiffs certifies that a reasonable effort has been made to confer with counsel for Defendants in a good faith effort to resolve the issues raised by the Motion. However, the Parties could not reach an agreement as to the above issues and thus require Court intervention.

Dated: June 11, 2021                      Respectfully submitted,

*/s/ C. Wade Bowden*
C. WADE BOWDEN, Esq., B.C.S.
Florida Bar No. 90735
VANESSA PALACIO, Esq.
Florida Bar No. 98054
**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: (561) 650-7949
Facsimile: (561) 655-6222
bowdenw@gtlaw.com
palaciov@gtlaw.com

MICHAEL A. NICODEMA, Esq.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
nicodemam@gtlaw.com

Case 9:20-cv-81688-BER   Document 79   Entered on FLSD Docket 06/11/2021   Page 16 of 16

Wight v. Bluman
CASE NO.: 9:20-cv-81688-Reinhart
Plaintiffs' Motion to Strike Affirmative Defenses,
   Alternatively for a More Definite Statement, or to
   Treat Certain Purported Affirmative Defenses as Denials
Page 16

*Counsel for Plaintiffs Melissa Wight*
*and Samantha Wight*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ C. Wade Bowden

## SERVICE LIST

Yvonne C. Ocrant, Esq.
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
yocrant@hinshawlaw.com

Andrew J. J. Collinson, Esq.
Hinshaw & Culbertson LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
acollinson@hinshawlaw.com
tlaird@hinshawlaw.com