UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.9:20-cv-81688-REINHART

MELISSA WIGHT and
SAMANTHA WIGHT,

    Plaintiffs,

v.

DANIEL BLUMAN, individually,
and DANIEL BLUMAN, LLC,

    Defendants.
    _____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES ALTERNATIVELY FOR A MORE DEFINITE STATEMENT, OR TO TREAT CERTAIN PURPORTED AFFIRMATIVE DEFENSES AS DENIALS

This matter is before the Court on Plaintiffs Melissa Wight and Samantha Wight's (collectively "Plaintiffs") Motion to Strike Defendants' Affirmative Defenses, For a More Definite Statement, or to Treat Certain Affirmative Defenses as Denials ("Motion to Strike") pursuant to Federal Rule of Civil Procedure 12(e)–(f). DE 79. The Court has reviewed Plaintiffs' Amended Complaint (DE 42), Defendants Daniel Bluman, individually, and Daniel Bluman, LLC's (collectively, "Defendants") Answer and Affirmative Defenses to Complaint (DE 70), Plaintiffs' Motion to Strike (DE 79), Defendants' Reply to Plaintiffs' Motion to Strike (DE 87), and Plaintiffs' Reply in Support of their Motion to Strike (DE 90). This matter is ripe for decision. For the

reasons stated herein, Plaintiffs' Motion to Strike is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

This action arises from a dispute surrounding the purchase of a nine-year-old bay mare named Conbelleza for intended use in international competitive equestrian show jumping. *See generally* DE 42. Plaintiffs are a mother and daughter who sought to purchase a horse capable of competing at the international Grand Prix level. *Id.* ¶¶ 7–8. Mr. Bluman, previously served as Plaintiff, Samantha Wight's, trainer and was a close family friend. *Id.* ¶¶ 17–18. With knowledge of Mr. Bluman's experience as an equestrian rider and trainer in the business of purchasing, developing, and selling Grand Prix caliber showjumping horses, Plaintiffs entrusted Defendants as their sole agent and broker. *Id.* ¶¶ 11, 21.

Defendants selected and vouched for veterinarian, Dr. Gaudin, to perform a pre-purchase examination ("PPE"). *Id.* ¶¶ 87–88. Based on the Defendants' representations of Conbelleza's sound health, Plaintiffs purchased Conbelleza for $1,200,000. *Id.* ¶¶ 36, 89. This payment comprises $600,000 in cash payment made directly to Defendants and the transfer of Plaintiffs' stallion valued at $600,000. *Id.* ¶ 28. Plaintiffs additionally paid Defendants a ten percent commission ($120,000). *Id.* ¶ 96. Upon Conbelleza's arrival in Wellington, Florida, Plaintiffs became aware that Conbelleza was severely lame due to chronic injury, making Conbelleza unfit for Plaintiffs' intended use for high-level show jumping. *Id.* ¶ 80. This injury was not noted in Dr. Gaudin's PPE. *Id.* ¶¶ 87–88. Conbelleza remains chronically lame and

2

useless as a Grand Prix showjumping horse, so Plaintiffs have elected to retire her. *Id.* ¶ 81.

Plaintiffs assert claims for (I) Fraud; (II) Negligent Misrepresentation; (III) Breach of Duty of Loyalty; (IV) Breach of Duty of Care; (V) Violation of FDUTPA (Unconscionable Acts of Practices, Unfair Trade Practices); (VI) Breach of Contract; (VII), and Per Se Violation of FDUTPA (Violation of Fla. Admin. Code Ann. R. 5H-26.001–26.004). *See generally* DE 42. Defendants raise eleven affirmative defenses in the Answer and Affirmative Defenses, filed on May 21, 2021. DE 70 at 21–24. Defendants' listed affirmative defenses are: (1) Setoff, (2) Terms Not in Agreement, (3) Accord and Satisfaction, (4) Venue, (5) Waiver and Unclean Hands, (6) Comparative Fault, (7) Assumption of Risk, (8) Full Performance, (9) Failure to Mitigate, (10) Plaintiff's Culpability, (11) Fabre. *Id.*

In the Motion to Strike, Plaintiffs first assert that Defendants' sixth, seventh, and eleventh affirmative defenses (Comparative Fault, Assumption of Risk, and Fabre) should be stricken because they are not applicable to the claims in the Amended Complaint, which are rooted in intentional tortious misconduct and breach of contract. DE 79 at 4. Second, Plaintiffs assert Defendants' ninth affirmative defense (Failure to Mitigate) is contrary to Florida Statute § 828.12. *Id.* at 9. Third, Plaintiffs assert Defendants' second and eighth affirmative defenses (Terms Not in Agreement and Full Performance) should be stricken or alternatively construed as mere denials. *Id.* at 10. Fourth, Plaintiffs' assert Defendants' tenth affirmative defense (Plaintiff's Culpability) is insufficiently pled; they ask this Court to order

3

Defendants to provide a more definite statement. *Id.* at 12. I will analyze each of these assertions individually.

## II. LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (J. King). "Under Federal Rule of Civil Procedure 12(f), '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Id*. "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure, requiring 'a short and plain statement' of the defense." *Id*. "On the other hand, the party raising the affirmative defense 'must do more than make conclusory allegations.'" *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (J. Ryskamp). "Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" *Id*. "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Garcia*, 777 F. Supp. 2d at 1327. "Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison*, 434 F. Supp. 2d at 1318.

"The Court has broad discretion in considering a motion to strike." *Id.* at 1317. Nevertheless, striking a pleading of affirmative defenses is considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy and redundancy are not favored, often being considered 'time wasters' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978) (J. King) (citation omitted).

### III. DISCUSSION

**1. <u>Defendants' Sixth, Seventh, and Eleventh Affirmative Defenses are Not Stricken as They Do Apply to the Claims as a Matter of Law</u>**

Plaintiffs request that this Court strike the Defendants' sixth, seventh, and eleventh affirmative defenses, respectively Comparative Fault, Assumption of Risk, and Fabre. DE 79 at 4–5. Plaintiffs argue these affirmative defenses do not apply to a case of intentional, tortious misconduct, or to a breach of contract. *Id.* at 5. Defendants point out in their Reply that Plaintiffs' Complaint not only contains counts for intentional tort and breach of contract, but also asserts a claim for negligent misrepresentation. DE 87 at 2–3. Defendants are correct. While Plaintiffs have pled claims for intentional misconduct they have also pled negligent misconduct, so these affirmative defenses are legally cognizable. The drastic remedy of striking Defendants' affirmative defenses at this early of a stage in litigation is not

warranted.[1] Plaintiffs' Motion to Strike Defendants' sixth, seventh, and eleventh affirmative defenses is DENIED.

## 2. **Defendants' Ninth Affirmative Defense is Not Stricken as Defendants' Raise Legally Sufficient Defense Not Wholly in Conflict with Florida Law**

Plaintiffs propose that this Court strike the Defendants' ninth affirmative defense for Failure to Mitigate damages. DE 79 at 2. Plaintiffs assert Defendants' ninth affirmative defense is contrary to Florida law because it suggests that Plaintiffs could have euthanized Conbelleza. Plaintiffs cite to Florida Statute § 828.12, stating in relevant part that "[a] person who unnecessarily … mutilates, or kills any animal, or causes the same to be done … commits animal cruelty." Fla. Stat. § 828.12 (2020).

Defendants ninth affirmative defense is made in response to Plaintiffs claim of entitlement to damages for Conbelleza's veterinary bills and boarding costs. DEs 42 ¶ 98; 70 at 2. Defendants allege Plaintiffs' claims are barred, or should be reduced, in that "Plaintiffs had the choice to mitigate their damages via immediate sale of Conbelleza or the choice to euthanize her." DE 70 at 2.

As noted by Defendants, Plaintiffs concentrate on merely one portion of the affirmative defense. DEs 90 at 5–6; 87 at 4. Defendants pose multiple factual reasons behind the Failure to Mitigate defense by suggesting Conbelleza could have also been sold to reduce Plaintiffs' damages. DE 70 at 2. As Defendants note, in Plaintiffs' Reply, Plaintiffs acknowledge that Conbelleza, despite her chronic lameness, is

---

[1] This Court's ruling is without prejudice to the Plaintiff moving for summary judgement on any affirmative defense at the appropriate time.

"otherwise healthy." DEs 90 at 5; 79 at 9. This further leads to the Defendants' plausible conclusion that Conbelleza could have value as a marketable good, and Defendants' have sufficient facts to support their Failure to Mitigate affirmative defense. Even if one of the multiple bases of the defense raised is legally insufficient, Defendants have still raised a legally sufficient affirmative defense as a whole. As there are some factual theories within Defendants' Failure to Mitigate defense that are sufficient, Plaintiffs' Motion to Strike Defendants' ninth affirmative defense is DENIED.

3. **<u>Defendants' Second and Eighth Defenses are to be Construed as Denials</u>**

Plaintiffs assert that Defendants' second and eighth affirmative defenses, respectively, Terms Not In Agreement and Full Performance, should be either stricken or, alternatively, construed as denials as they "simply negate Plaintiffs' allegations." DE 79 at 2. "The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial." *Ramnarine v. CP RE Holdco, 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) (J. Rosenbaum). Defendants' second affirmative defense alleges that Plaintiffs claims are barred because:

> [The alleged agreement] did not contain any specific requirements, as those detailed in the Amended Complaint … [with] no terms imposing contractual obligation on [Defendants] to provide such a horse nor does it contain any terms allowing [Plaintiffs] to charge, demand, and or claim as due and owing any amounts from [Defendants] for assisting [Plaintiffs] find a horse.

DE 70 at 22. Defendants' eighth affirmative defense alleges that Plaintiffs claims are barred because there "is no proof that an agency contract existed between these

7

parties . . . owing no duties to Plaintiffs." *Id.* at 23. Moreover, Defendants' defend that they have "fully performed any duties owed to Plaintiffs." *Id.*

This Court is in agreement with the Plaintiffs that Terms Not In Agreement and Full Performance are not proper affirmative defenses as applied to this case. Plaintiffs assert a claim for a breach of contract. DE 42 at 58. Defendants' second and eighth affirmative defenses go towards the argument that Defendants did not breach a contract rather than providing an excuse or defense to an admitted breach. Accordingly, the assertions are to be construed as denials. In their Answer, Defendants have already denied the Amended Complaint's allegations of Defendants' contractual assent to Plaintiffs' specific requirements of their desired horse. DE 70 ¶¶ 31–34, 202–06. For these reasons, Plaintiffs' Motion to Strike Defendants' second and eighth affirmative defenses is DENIED and Plaintiffs' request that this Court construe Defendants' second and eighth affirmative defenses as denials is GRANTED.

4. **<u>Defendants' Tenth Affirmative Defense is Merely a Conclusory Allegation and this Court Orders Defendants to Provide a More Definite Statement</u>**

Plaintiffs request that this Court strike Defendants' tenth affirmative defense under Rule 12(f), or alternatively, to order Defendants to provide a more definite statement under Rule 12(e). Plaintiffs' assert Defendants' "Plaintiff's Culpability" affirmative defense merely uses "boilerplate language" and "does not link . . . to any factual support, including what the alleged conduct . . . or failure to act by Plaintiffs

8

might be." DE 79 at 14. As a result, Plaintiffs conclude that the affirmative defense lacks specificity. I agree.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants' assertions that would warrant a more definite statement are to be viewed under the general pleading standard. As noted by both the Plaintiffs and Defendants, affirmative defenses are not customarily subject to a heightened *Twombly* and *Iqbal* pleading standard. Rather, as previously explained, only a 'short and plain statement' of the defense is required. Fed. R. Civ. P. 8(a); *Garcia*, 777 F. Supp. 2d 1327. Although this pleading standard is minimal, Defendants must plead more than a "bare bones conclusory allegation[ ]." *Morrison*, 434 F. Supp. 2d 1318.

Defendants' tenth affirmative defense states in full: "[w]ithout admitting any damages, Plaintiffs' purported injuries have been caused, in whole or in part, by [P]laintiff's own conduct, actions, omissions, delay or failure to act." DE 70 at 24. The Defendants' conclusory statement that Plaintiffs played a causal role in their own injuries, without any explanation as to what conduct or omission Defendants are referring to, fails to "serve the laudable purpose of placing Plaintiff[s] and the Court on notice of certain issues which Defendant[s] intend[ ] to assert against Plaintiff[s'] claims." *Inlet Harbor Receivers, Inc. v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 608-CV-346-ORL-19DAB, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008). Plaintiffs' Motion to Strike Defendants' tenth affirmative defense is DENIED and Plaintiffs' Motion for

a More Definite Statement is GRANTED. On or before July 16, 2021, Defendants shall serve a more definite statement of its tenth affirmative defense.

**DONE AND ORDERED** in Chambers this 2nd day of July, 2021, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE